# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAELYN ROSE, A U.S. Citizen, | |
|   1603 Arlington Ave Apt 1<br>   Pittsburgh, PA 15210 | Case No.   22-582 |
| MUHAMMAD TAYYAB TALAL, A# 219 156 766, | |
|    1603 Arlington Ave Apt 1<br>   Pittsburgh, PA 15210 | |
|   Plaintiffs, | |
| v. | |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, | |
| Serve:  U.S. Citizenship & Immigration<br>       Services<br>       5900 Capital Gateway Dr<br>       Camp Springs, MD 20588 | |
| UR MENDOZA JADDOU, Director of the United States Citizenship and Immigration Services, | |
| Serve:  U.S. Citizenship & Immigration<br>       Services<br>       5900 Capital Gateway Dr<br>       Camp Springs, MD 20588 | |
| and, | |
| VALERIE TOBIAS, Director of the Pittsburgh Field Office of the USCIS, | |
| Serve:  Valerie Tobias | |

|   |   |
|---|---|
| USCIS<br>Penn Center East<br>Building 7, 777 Penn Center<br>Boulevard, Suite 600<br>Pittsburgh, PA 15235 |   |
| Defendants. |   |

### COMPLAINT IN THE NATURE OF MANDAMUS ARISING FROM DEFENDANTS' REFUSAL TO ADJUDICATE PLAINTIFFS' I-130 PETITION FOR ALIEN RELATIVE AND I-485 APPLICATION TO ADJUST STATUS

Plaintiffs Taelyn Rose and Muhammad Tayyab Talal respectfully request a hearing before this Honorable Court to make a determination on Plaintiffs' I-130 petition for alien relative and I-485 application to adjust status, or alternatively requesting that this Honorable Court issue a writ of mandamus compelling Defendants to adjudicate Plaintiffs' long-delayed petition for alien relative and application to adjust status.

### PARTIES

1. Plaintiff Taelyn Rose is a citizen of the United States.

2. Plaintiff Muhammad Tayyab Talal is married to Taelyn Rose.

3. Plaintiff Muhammad Tayyab Talal is a citizen of Pakistan.

4. Plaintiffs currently reside in Pittsburgh, PA.

5. Taelyn Rose filed an I-130 Petition for Alien Relative on behalf of Muhammad Tayyab Talal on or about March 21, 2019. Defendants assigned Receipt Number MSC1990788329 to Plaintiffs' case. The couple filed an accompanying I-485 Application for Adjustment of Status on Muhammad Tayyab Talal's behalf on that same date as well. Defendants assigned Receipt Number MSC1990788328 to Plaintiffs' case.

6. The United States Citizenship and Immigration Services completed the fingerprinting and photographing of Muhammad Tayyab Talal as part of the processing of the

2

pending applications.

7. Defendants conducted an interview on the couple's I-130 application and the corresponding I-485 application for adjustment of status in October 2019.

8. Since then, the Defendants have taken no action on the pending alien relative petition and adjustment application.

9. Since Muhammad Tayyab Talal and Taelyn Rose filed the applications with the United States Citizenship and Immigration Services, they have made repeated requests to have their case finally adjudicated.

10. Despite numerous calls to the United States Citizenship and Immigration Services and their attempts to prompt movement on the case, Plaintiffs' alien relative petition and application to adjust status has remained pending far longer than is reasonable.

11. The United States Citizenship and Immigration Services has refused to adjudicate Plaintiffs' applications in accordance with applicable legal criteria.

12. Plaintiffs bring this action to compel the USCIS to finally adjudicate the pending applications as required by law.

13. Defendant United States Citizenship and Immigration Services (hereinafter sometimes referred to as "the USCIS") is the component of the DHS that is responsible for processing alien relative petitions and adjustment of status applications.

14. Defendant Ur Mendoza Jaddou, Director of the USCIS, is the highest ranking official within the USCIS. Jaddou is responsible for the implementation of the INA and for ensuring compliance with all applicable federal laws, including the APA. Jaddou is sued in an official capacity as an agent of the government of the United States.

15. Defendant Valerie Tobias is the Director of the Pittsburgh Field Office of the

USCIS and is sued only in an official capacity, as well as any successors and assigns. The Pittsburgh Field Office has jurisdiction over alien relative petitions and applications for adjustment of status for immigrants in Pittsburgh, PA, where Plaintiffs reside. Tobias is responsible for the implementation of the INA and for ensuring compliance with all applicable federal laws, including the APA. Valerie Tobias is sued in an official capacity as an agent of the government of the United States.

## JURISDICTION AND VENUE

16. This Honorable Court has federal question jurisdiction over this cause pursuant to 28 U.S.C. § 1331, as it raises claims under the Constitution of the United States, the INA, 8 U.S.C. § 1101 et seq., and the APA, 5 U.S.C. § 701 et seq, in conjunction with the Mandamus Act, 28 USC § 1361.

17. Venue is proper pursuant to 28 U.S.C. § 1391(e)(1) because (1) Defendants are agencies of the United States or officers or employees thereof acting in their official capacity or under color of legal authority; (2) no real property is involved in this action, and; (3) the Defendants all maintain offices within this district.

## FIRST CLAIM FOR RELIEF
### (Agency Action Unlawfully Withheld and Unreasonably Delayed)

For the first claim for relief against all Defendants, Plaintiffs allege and state as follows:

18. Plaintiffs reallege and incorporate by reference the foregoing paragraphs as though fully set out herein.

19. The APA requires that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). Section 555(b) creates a non-discretionary duty to

4

conclude agency matters. *Litton Microwave Cooking Prods. v. NLRB*, 949 F.2d 249, 253 (8th Cir. 1991). A violation of this duty is a sufficient basis for mandamus relief.

20. The APA permits this Honorable Court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

21. Plaintiffs allege that the applications have been in administrative processing beyond a reasonable time period for completing administrative processing of the adjustment of status application.

22. The combined delay and failure to act on Plaintiffs' alien relative petition and adjustment of status applications is attributable to the failure of Defendants to adhere to their legal duty to avoid unreasonable delays under the INA and the applicable rules and regulations.

23. There are no alternative adequate or reasonable forms of relief available to Plaintiffs.

24. Plaintiffs have exhausted all available administrative remedies in pursuit of a resolution of this matter, including repeatedly requesting the processing of the case with the USCIS via phone and service requests. Furthermore, Plaintiffs have sent letters to Representative Mike Doyle and submitted a request to the USCIS Ombudsman. All to no avail.

**SECOND CLAIM FOR RELIEF**
**(Violation of Right to Due Process of Law)**

For the second claim for relief against all Defendants, Plaintiffs allege and states as follows:

25. Plaintiffs reallege and incorporate by reference the foregoing paragraphs as though fully set out herein.

26. The right to fundamental fairness in administrative adjudication is protected by the Due Process Clause of the Fifth Amendment to the United States Constitution. Plaintiffs may seek

redress in this Court for Defendants' combined failures to provide a reasonable and just framework of adjudication in accordance with applicable law.

27. The combined delay and failure to act by Defendants has violated the due process rights of Plaintiffs.

28. The combined delay and failure to act by Defendants has irrevocably harmed Plaintiff Muhammad Tayyab Talal in the denial of an opportunity to claim lawful permanent resident status, as well as the ability to sponsor family members for residence in the U.S. and in various other ways.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs Taelyn Rose and Muhammad Tayyab Talal request the following relief:

1. That this Honorable Court assume jurisdiction over this action;

2. That this Honorable Court issue a writ of mandamus compelling Defendants to promptly complete all processing of Taelyn Rose's and Muhammad Tayyab Talal's petition for alien relative within sixty days;

3. That this Honorable Court issue a writ of mandamus compelling Defendants to promptly complete all processing of Muhammad Tayyab Talal's application to adjust status within sixty days;

4. That this Honorable Court take jurisdiction of this matter and adjudicate Plaintiffs' petition for alien relative and application to adjust status pursuant to this Court's declaratory judgment authority;

5. That this Honorable Court issue a writ of mandamus compelling Defendants to issue a green card to Muhammad Tayyab Talal;

6

6. That this Honorable Court issue a writ of mandamus compelling Defendants to explain to Plaintiffs the cause and nature of the delay and inform Plaintiffs of any action they may take to accelerate processing of the application to adjust status;

7. Attorney's fees, legal interests, and costs expended herein, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412;

8. Such other and further relief as this Honorable Court may deem just and proper.

**RESPECTFULLY SUBMITTED**
**April 20, 2022**

***/s/ James O. Hacking, III***
James O. Hacking, III
Hacking Immigration Law, LLC
10900 Manchester Road, Suite 203
St. Louis, MO 63122
(O) 314.961.8200
(F) 314.961.8201
(E) jim@hackingimmigrationlaw.com

**ATTORNEYS FOR PLAINTIFFS**
**TAELYN ROSE**
**MUHAMMAD TAYYAB TALAL**
